UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KING GEORGE MURRAY, III**<br>    **LA. DOC #348422**<br>**VS.**<br><br>**STATE OF LOUISIANA** | **CIVIL ACTION NO. 3:12-cv-2606**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner King George Murray, III filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 27, 2012. Murray seeks relief from a 1994 conviction for oral sexual battery in the Fourth Judicial District Court, Ouachita Parish, Louisiana. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

On or about November 29, 1994, petitioner was convicted of oral sexual battery and sentenced to serve 100 months in the custody of Louisiana's Department of Corrections. His conviction and sentence were affirmed by the Second Circuit Court of Appeals on December 6, 1995. *State of Louisiana v. King G. Murray, III*, 665 So.2d 183 (La.App. 2 Cir. 12/6/1995) (Table) (Slip Opinion, Doc. 1-3, pp. 49-50). He was released from custody sometime in 2001.[1]

---

[1] *See also Murray v. Bartley*, Civil Action No. 3:10-cv-1011 (Report and Recommendation, August 23, 2010), 2010 WL 4103567 and civil actions from the Eastern District of Louisiana cited therein.

Between November 2010 and April 2011 petitioner filed a series of *pro se* pleadings challenging the 1994 conviction and seeking a new trial. On June 3, 2011, the Fourth Judicial District Court construed his pleadings as applications for post-conviction relief and denied them as untimely pursuant to La. C.Cr.P. art. 930.8. [Doc. 1-3, pp. 40-41] He sought review in the Second Circuit Court of Appeals and on August 25, 2011, that court denied writs noting,

> The applicant, King George Murray, III, seeks review of the trial court's denial of several pro se filings. Although the filings have various captions, the substance requests that Murray's conviction and sentence be set aside. Therefore this Court considers the filings as applications for post-conviction relief. [citations omitted]
>
> We detect no error in the trial court's ruling. Murray's conviction and sentence became final in 1996. *State v. Murray*, 27,516 (La. App. 2d Cir. 12/6/95) (unpublished), reh'g denied (La. App. 2d Cir. 1/18/96). An application for post-conviction relief must be filed within two years from when the judgement of conviction and sentence become final. La. C.Cr.P. art. 930.8. However, Article 930.8(1) provides an exception to the foregoing provision. If an application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney, then an application may be allowed. La. C.Cr.P. art. 930.8(1). Murray fails to prove that he is entitled to this exception. His allegation that the State withheld comparison DNA evidence is baseless. Accordingly, the writ is denied as untimely.

*State of Louisiana v. King George Murray, III*, No. 46,830-KH at Doc. 1-3, pp. 59-60.

His writ application was denied by the Louisiana Supreme Court on June 22, 2012. *State of Louisiana ex rel. King George Murray, III vs. State of Louisiana*, 2011-2104 (La. 6/22/2012); his request for reconsideration was denied on August 22, 2012 (95 So.3d 1061).

Petitioner filed the instant petition on September 27, 2012. He asks the Court to set aside his wrongful conviction. [Doc. 1, p. 14]

*Law and Analysis*

*1. Subject Matter Jurisdiction*

  *Habeas corpus* relief pursuant to Section 2254 is available only "... in behalf of a person in custody pursuant to the judgment of a State court..." 28 U.S.C. §2254(a). The District Court has no subject matter jurisdiction over a *habeas* petition filed by a person who is no longer "in custody." *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The available evidence indicates that petitioner was sentenced to serve 100 months in custody in November 1994. He was released from custody in 2001 and has apparently remained free since that time. It does not appear that petitioner is on parole with regard to the sexual battery offense and all available evidence suggests that his sentence has been completed and he is therefore no longer "in custody." He implies elsewhere that he is required to register as a sex offender under Louisiana's Sex Offender Registration Statute; however, sex offender registration requirements do not satisfy the "in custody" requirements of Section 2254. *Wilson v. Flaherty*, 689 F.3d 332, 336–38 (4th Cir.2012) (sex offender registration requirements do not satisfy the "in custody" requirement for purposes of federal *habeas* relief); *Virsnieks v. Smith*, 521 F.3d 707, 718–20 (7th Cir.), *cert. denied*, 555 U.S. 868, 129 S.Ct. 161, 172 L.Ed.2d 117 (2008) (same); *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir.2002) (same); *McNab v. Kok*, 170 F.3d 1246, 1247 (9 th Cir.1999) (same); *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9 th Cir.), *cert. denied*, 528 U.S. 963, 120 S.Ct. 397, 145 L.Ed.2d 309 (1999) (same); *Williamson v. Gregoire*, 151 F.3d 1180, 1184–85 (9th Cir.1998), *cert. denied*, 525 U.S. 1081, 119 S.Ct. 824, 142 L.Ed.2d 682 (1999) (same). This court has no jurisdiction to entertain the petition; Maleng 490 U.S. at 491-92

(although a petitioner may be subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence; "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." )

In short, this court lacks jurisdiction to entertain petitioner's habeas application.

*2. Time Bar*

Even if the court had jurisdiction over petitioner's claims, his habeas petition would be subject to dismissal under Section 2244(d). This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court.   This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).  The statutory tolling provision of 28 U.S.C. §2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However,  any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year

limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as petitioner, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners have been afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*.

Petitioner's judgment of conviction became final one month after the Second Circuit affirmed his conviction, or sometime in January 1996. He had until April 24, 1997, to file for habeas corpus relief, and he clearly did not file within that delay period. Neither does it appear that any state post-conviction proceedings were properly filed and pending during the grace period and therefore petitioner may not claim the benefits of statutory tolling as provided by Section 2244(d)(2).

Finally, petitioner implies that the limitations period in his case should be reckoned as provided by Section 2244(d)(1)(D) – the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence. The information relied upon by petitioner, however, was part of the trial record and could have been discovered in advance of the trial, during trial, or in the months following trial had petitioner exercised due diligence.

5

In other words, even if this court had subject matter jurisdiction over petitioner's claims, dismissal would still be appropriate.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction and, in the alternative, because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

**from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, January 22, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE